# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | | |
|---|---|---|
| ZACHARY BRIGGS | * | CIVIL ACTION NO. 10-1037 |
| VERSUS | * | JUDGE MELANÇON |
| COMMISSIONER OF SOCIAL SECURITY | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion for Summary Judgment filed by defendant, the Commissioner of Social Security, on  January 25, 2011 [rec. doc. 9].  No opposition has been filed, and the deadline for opposition has expired.[1]  Based on the following reasons, the undersigned recommends that the motion be **GRANTED**, and that this action be **DISMISSED WITH PREJUDICE**.

## Procedural Background

On June 5, 2008, plaintiff, Zachary Briggs ("Briggs") filed a claim for supplemental security income payments, which was denied.  On March 24, 2009, Briggs filed a request for hearing before an Administrative Law Judge ("ALJ").

---

[1]LR 7.5 W provides that opposition shall be filed within 21 days after service of the motion.

[rec. doc. 9, Exhibit 1].  The request was filed more than 60 days after the date of the notice.  [rec. doc. 9, Declaration of Patrick J. Herbst, ¶(a)].

On July 21, 2009, the ALJ sent a letter to Briggs' attorney, Jo Ann Nixon, requesting an explanation as to why Briggs did not file his request within the prescribed 60-day limit.  [rec. doc. 9, Exhibit 3].  The ALJ also gave Briggs 10 days in which to show good cause for not filing within the 60-day period.  No response was received by the ALJ.   [rec. doc. 9, Declaration of Patrick J. Herbst, ¶(a)].  On September 1, 2009, the ALJ entered an Order of Dismissal, finding that claimant had not established good cause for missing the deadline to request a hearing.  [rec. doc. 9, Exhibit 3, attachment].

_____On September 22, 2009, Briggs filed a request for review of the ALJ's dismissal.  [rec. doc. 9, Exhibit 4].  The Appeals Council denied plaintiff's request for review on April 23, 2010.  [rec. doc. 9, Exhibit 5].  Briggs filed the instant action in this Court on June 24, 2010.

## Legal Analysis

The Social Security Regulations provide the circumstances under which an ALJ may dismiss a request for hearing.  20 C.F.R. § 404.957.  Specifically, subsection (c)(3) provides that one of the reasons is when the ALJ decides that there is cause to dismiss a hearing request because:

> You did not request a hearing within the stated time period and we
> have not extended the time for requesting a hearing under §
> 404.933(c).

20 C.F.R. § 404.957(c)(3).

Here, the denial of Briggs's application was issued on August 15, 2008. However, Briggs did not file his request for hearing until March 24, 2009.  By letter dated July 21, 2009, the ALJ sent a letter to Briggs' attorney, Jo Ann Nixon, informing her that claimant had 60 days from the day he received the notice to file a request for hearing, *i.e.*, October 19, 2008.  [rec. doc. 9, Exhibit 3; Declaration of Patrick Herbst, p. 3].  The ALJ also requested an explanation as to why Briggs did not file his request within the prescribed 60-day limit.  An additional 10 days from the date of the letter was provided to submit a statement or other information showing good cause as to why he did not file the request for hearing on time. Despite this opportunity, Briggs never responded.  [rec. doc. 9, Declaration of Patrick J. Herbst, ¶(a)].

On September 1, 2009, the ALJ entered an Order of Dismissal, finding that claimant had not established good cause for missing the deadline to request a hearing.  [rec. doc. 9, Exhibit 2, attachment].   On September 22, 2009, Briggs filed a request for review of the ALJ's dismissal order.  [rec. doc. 9, Exhibit 4;

3

Declaration, p. 3].[2]   The Appeals Council denied Brigg's request for review on April 23, 2010.  [rec. doc. 9, Exhibit 5; Declaration, p. 3]._____

_____The Social Security regulations provide that "[t]he dismissal of a request for hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council."  20 C.F.R. § 404.959; *see also Nelson v. Secretary of Health & Human Services*, 927 F.2d 1109, 1111 (10th Cir. 1991) (district court did not have jurisdiction to review the ALJ's denial of claimant's request for a hearing when the current claim had the same factual basis as the initial claim).[3]

Here, Briggs did not file the request for hearing within the prescribed time period.  Additionally, failed to respond to the ALJ's request to provide an explanation for failing to fail a timely request.  Further, he has failed to file opposition to this motion.

Based on the foregoing, it is my recommendation that the Commissioner's motion be **GRANTED**, and that this action be **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (10) business days from service of this Report and Recommendation to file specific, written objections

_____

[2]The exhibits attached to the declaration are out of order.

[3]The undersigned did not find any cases from the Fifth Circuit interpreting this specific provision.

with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, **79 F.3D 1415 (5TH CIR. 1996).**

Signed March 18, 2011, Lafayette, Louisiana.

C. Michael Hill
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE